UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| MARK L. JONES and DONNA L. JONES,<br><br>                Plaintiffs,<br>vs.<br><br>CLS MORTGAGE, INC. et al.,<br><br>                Defendants. | No. CV-13-0427-JLQ<br><br>ORDER DIRECTING ENTRY OF JUDGMENT AND CLOSING FILE |

BEFORE THE COURT is Plaintiffs' Motion to Dismiss (ECF No. 10). Defendants Chase Bank and U.S. Bank have filed an Answer (ECF No. 9) and therefore leave of court is required to dismiss the action. See Fed.R.Civ.P. 41(a)(2)("...an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."). The court issued an Order on February 25, 2014, allowing Defendants until March 7, 2014, to file any response or objection to the Motion to Dismiss.

On February 27, 2014, Defendants Chase Bank and U.S. Bank filed a Response (ECF No. 12) stating they do not oppose the Motion, but asking that the dismissal be with prejudice. Defendants argue dismissal with prejudice is appropriate "because Plaintiff indicates that he has moved to dismiss his complaint based on evidence he has seen supporting Defendant U.S. Bank's position as beneficiary of the deed of trust". The Motion to Dismiss actually states that Plaintiffs have moved to dismiss "[b]ased on evidence that has been made available by photos viewed." (ECF No. 10).

The court is not convinced that the action should be dismissed with prejudice merely because the Plaintiffs have seen some evidence which led them to reevaluate their claims. The court does have the power to condition a voluntary dismissal on such terms

ORDER - 1

and conditions as the court considers proper. See Fed.R.Civ.P. 41(a)(2)("...an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."); *Lau v. Glendora Unified School Dist.*, 792 F.2d 929 (9th Cir. 1986). Such terms often include the payment of attorney fees or costs, or such other conditions designed to reduce inconvenience to the defendants. Defendants Chase Bank and U.S. Bank do not ask the court to impose any such terms or conditions. This case has only been pending in this District for slightly over two months, and a scheduling conference had not yet taken place. It is unlikely that the parties have spent a great deal of time and expense conducting discovery or otherwise litigating this case.

Defendants may have strategically decided to forego asking the court to impose terms or conditions because under the *Lau* decision, if the district court imposes terms and conditions, it must also afford the plaintiff a reasonable amount of time to either comply with the conditions, or withdraw the motion to dismiss. See also *Beard v. Sheet Metal Workers Union*, 908 F.2d 474, 476 (9th Cir. 1990)("We have held that this language [in Rule 41] effectively provides the plaintiff with a reasonable period of time within which either to refuse the conditional voluntary dismissal by withdrawing the motion for dismissal or to accept the dismissal despite the imposition of conditions.").

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Dismiss (ECF No. 10) is **GRANTED**.

2. The Clerk of this court is directed to enter judgment of dismissal of the Complaint (at ECF No. 1) and the claims therein <u>without</u> prejudice.

**IT IS SO ORDERED**. The Clerk shall enter this Order and Judgment, furnish copies to Plaintiffs and to counsel, and close this file.

Dated this 3rd day of March, 2014.

                s/ Justin L. Quackenbush
               JUSTIN L. QUACKENBUSH
     SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 2